M. REICHMAN & SON, INCORPORATED, PLAINTIFF-RE-
SPONDENT, v. PUBLIC SERVICE TRANSPORTATION
COMPANY, DEFENDANT-APPELLANT.

Submitted January term, 1928—Decided June 21, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the respondent, *Edwards & Smith* and *Raymond Daw-
son*.

For the appellant, *Henry H. Fryling*.

PER CURIAM.

This suit was brought to recover damages to a White truck.
The truck of the plaintiff on the 14th of March, 1925, was
being operated in a southerly direction on Halsey street near
its intersection with Central avenue, in the city of Newark.
The defendant's automobile bus was being operated in an
easterly direction on Central avenue near its intersection with
Halsey street. A collision took place between the automo-
bile bus of the defendant and the truck of the plaintiff, caus-
ing the damages sued for.

The trial resulted in a verdict for the plaintiff for $2,-
327.44. The defendant appeals and files six grounds of
appeal. The fourth and fifth grounds are alleged error by
the trial court in refusing to nonsuit the plaintiff or direct a
verdict in favor of the defendant. Not so. Cases of collision
on highways almost invariably involve questions of concur-

rent negligence on the part of both actors, and in these cases the questions are in a peculiar sense questions for a jury. 1 *Thomp. Negl.,* § 1322, cited with approval in *Fox* v. *Great Atlantic, &c., Co.,* 84 *N. J. L.* 728. So, a motion for a non-suit admits the truth of the plaintiff's evidence and of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law. · *Fox* v. *Great Atlantic, &c., Co., Ibid.* 726; *Jones* v. *Public Service Railway Co.,* 86 *Id.* 646.

The sixth ground—criticism aimed at a detached portion of the charge relating to contributory negligence is not error, particularly when read in connection with the whole charge on that subject. A charge must be construed in its entirety. *Veader* v. *Veader,* 89 *N. J. L.* 727.

The second ground is abandoned in the brief of the appellant. The first and third grounds, the only remaining ones, refer to the testimony of a witness Arthur J. Reichman in reference to the charge to the plaintiff for the use of a truck for fifty days; the third refers to the same subject, the court's refusal to strike out such testimony. We find no error here. Finding no error in the record, the judgment of the Essex County Court of Common Pleas is affirmed.